NICHOLAS MURPHY *vs.* EUGENE HUGHES, CHARLES HUGHES and ANSON BANGS, Trading as HUGHES BROTHERS and BANGS.

*Injuries to Employe—Questions for Jury—Negligence — Use of Machinery—Fellow-Servants—Incompetency—Rules—Presumptions—Warning—Trial—Conflicting Evidence—Damages.*

1. The questions as to whether an employe was injured through negligence, and, if so, whether it was that of the employer or employe, are for the jury.

2. An employer is liable to an injured employe only for such negligence as constitutes the proximate cause of the injury.

3. An employer is not bound to use the best machinery, but only to see that what he does employ is safe and suitable.

4. An employer cannot escape liability for injuries to an employe caused by an incompetent fellow-workman by delegating to an agent authority to select the workman.

5. Where an employer cannot give his business personal supervision, because of its magnitude, it is his duty to make rules for the government of his employes and business.

6. The question as to whether such rules are sufficient for the purpose is for the jury.

7. Rules promulgated by an employer for the government of his employes are presumed to be proper and sufficient on a question of negligence.

8. The more dangerous the work to be done by a co-employe the greater the care required of the employer in selecting the person to do it.

9. An employer is liable for an injury caused by the incompetency of a co-employe where the employer knew of the incompetency, or by the use of ordinary care might have known of it.

10. An employe's contributory negligence precludes a recovery of the employer for injuries caused by the incompetency of a fellow-employe.

11. An employe injured while disregarding a proper warning is guilty of such contributory negligence as precludes a recovery.

12. The jury should try to reconcile conflicting evidence so that the whole may be harmonious.

13. Where the evidence is in irreconcilable conflict, the verdict should be on the side where the testimony is of the greatest weight and most worthy of credit.

14. An employe entitled to recover from his employer for personal injuries may recover such sum as will compensate him for his injuries, including his loss of time and wages, past and future suffering resulting from the accident, and may also recover for permanent injuries received such sum as will cover the pecuniary loss from his damaged ability to earn a living.

*(March 8, 1898.)*

Lore, C. J., and Pennewill and Boyce, J. J., sitting.

*William S. Hilles* for plaintiff.

*J. H. Hoffecker, Jr.*, and *Leonard E. Wales* for defendant.

Superior Court, New Castle County, February Term, 1898.

Action on the case (No. 79 to September Term, 1897), to recover damages for personal injuries alleged to have been sustained April 29, 1897, by reason of an accident resulting from the negligence of the defendant company in employing an incompetent fellow-servant to operate a steam crane. The plaintiff alleged that he worked with the said crane operator, and that the work consisted in attaching large rocks, raising them from a given point, swinging them around with the crane and lowering them in position for the construction of a pier. That the said operator was inexperienced and incompetent, and that such incompetence was known by the defendant; that he was unable to speak the English language, being an Italian, and was governed in his manipulation of the machinery entirely by signs given by plaintiff or others. That on the day of the accident, while so engaged, as a large stone about four feet long, two feet thick and two feet wide, was being moved, he had given orders to the operator, by the proper sign, to "boom up," or to raise the stone, but instead of doing so the operator rapidly lowered the stone, allowing it to drop upon the ground near the plaintiff, rolling upon his right foot and cutting or mashing off four of his toes.

The defendant claimed that the said fellow-servant of the plaintiff was an experienced and thoroughly competent crane engineer, and that the plaintiff was guilty of contributory negligence.

## PLAINTIFF'S PRAYERS.

The plaintiff prayed the Court to charge rhe jury, in part, as follows:

1. One of the primary and personal duties which the master owes to his servant is to furnish him with competent and trustworthy co-workers. This is a duty which a master cannot delegate to an agent so as to escape responsibility for the negligent act of such agent.

Where the work for which a servant is employed requires a certain degree of technical skill it is the master's. duty to see that such servant has the necessary skill required to properly fulfill the duties of the position for which he is employed.

*Wheatley vs. P., W. & B. Railroad, 2 Hardesty, 57, 60; Stewart vs. P., W. & B. Railroad, 8 Houst., 450, 455, 456.*

The Court says in *Foster vs. Pusey, 8 Houst., 168-178,* "Feeding an engine with fuel is quite a safe employment; but directing its operations when in motion, so that, while it performs the work it is intended for, and which a servant is employed to manage that no avoidable accident shall happen, requires in order to make that service safe, that the servant or person employed shall have the necessary skill for that business."

"According to the best considered adjudications and upon the clearest grounds of necessity and good faith, ordinary care in the selection of servants and agents implies that degree of diligence and precaution which the exigencies of the particular service reasonably require. It is such care as, in view of the consequences that may result from negligence on the part of the employer, is fairly commensurate with the perils or danger likely to be encountered.

*Wabash &c., Company vs. McDaniel, 107 U. S., 154.*

2. The duty resting upon the master in two-fold :

*First.* To employ competent servants.

*Second.* To discharge any person proving himself incompetent.

*2 Thompson on Negligence, 984; Sher. & Red. on Negligence, Secs. 191 & 192; McKinney on Fellow Servants, Secs. 80 & 81; 1 Bailey, M. & S., Secs. 1404-1417.*

In the first case the master is bound to make a careful and prudent inquiry into the fitness of a person whom he is about to employ, and while in ordinary cases the presumption is that the master did use such diligence such presumption may be overcome by showing the incompetency of the employe existing at the time of employment, which the master might not only have discovered, but in this case must have discovered if any examination at all had been made.

*Bailey on M. and S., Secs. 1421, 1433, 1436, 1439; U. S., &c., C. vs. Wilder, 116 Ill., 100; Caudell vs. McStrath, 24 Minn., 127; Lu. vs. R. R., 87 Mich., 574; N. Y.. &c., C. vs. Anderson, 50 Fed., 462; Huntsinger vs. Frexler, 181 Pa. St. 497; McPherson vs. Schully, 39 N. E., 1007.*

In the second case, which can only arise when the master has done his duty in the employment of the servant, and his imcompetency is a matter of subsequent development or ascertainment, while it is true that the master must have either actual or constructive notice of the incompetency of an employe, this notice may be acquired in various ways.

3.   Notice to the one having immediate charge of the unfit servant is notice to the master.

*1 Sher. & Red. on Negligence, Sec. 206; Foster vs. Pusey, 8 Houst., 168, 179, 180, 182, 183; Bailey on Master and Servant, Secs. 1594 and 1446; 2 Thompson on Negligence, 994.*

4.   Although the master has no actual notice of the incompetency of the servant, if it was of such a character that with proper care he would have known it, he will be liable for an injury to another servant, resulting from such incompetency.

*McKinney on Fellow Servants, Sec. 86 and cases in n. 2; 2 Thompson on Negligence, 996; Railroad Company vs. Henthorne, 19 C. A., 623, 627; Quinn vs. Johnson Forge Company, 9 Houst., 338, 344; Bailey M. and S., Sec. 1430.*

5. Evidence of general reputation is admissible to prove the unfitness of a fellow-servant, and ignorance of such general reputation on the part of the master is itself negligence in a case in which proper inquiry would have obtained the necessary information, and where the duty to inquire was plainly imperative.

*McKinney on Fellow Servant, Sec. 90, and cases in n.. 3; Stewart vs. Railroad Company, 8 Houst., 450 and 454; Bailey on M. & S., Secs. 1495, 1502, 1503; Galveston, &c., Railroad vs. Henning, 39 S. W., 302; Texas, &c., Railroad vs. Johnson, 35 S. W., 1042; Driscoll vs. City, 39 N. E., 1003; Park vs. Railroad, 85 Hun., 184; Western Stone Co. vs. Whalen, 151 Ill., 472.*

6. The plaintiff was entitled to assume that the master had done his duty in the selection and retention of proper co-employes, and is not chargeable with notice until actual notice of the incompetency of his fellow-servant is brought home to him.

*Bailey on M. & S., Secs. 1544, 1552; Giles vs. Diamond State Iron Company, 7 Houst., 453.*

7. If the jury shall believe from the evidence that owing to the nature of the business carried on by the defendants, and the fact that the engine was run by a person not familiar with the English language, it was incumbent on the defendant to make rules governing the association of their employes among themselves; it was the duty of the defendant to make such rules as are reasonably sufficient to guard against accident to his employes; it is for the jury to determine whether the rules in force as to the notice to Zanetti were proper and sufficient for the purpose, namely, that of conveying to his mind the desired impression.

*Rex vs. Pullman Palace Car Company, 2 Marvel.*

8. If the jury shall find for the plaintiff, "It should be for such reasonable sum as will compensate him for his injuries, including therein his loss of time and wages, for his pain and suffering in the past, and such as may come in the future, resulting from the accident, and for such permanent injuries as from

the evidence the jury may believe will cover his pecuniary loss from his damaged ability to earn a living in the future.

*Jones vs. Belt, 8 Houst., 562, 571.*

## DEFENDANT'S PRAYERS.

The defendant prayed the Court to charge the jury as follows:

1.   To entitle the plaintiff to recover he must prove by a preponderance of evidence to the satisfaction of the jury that the negligence of the defendants was the cause of the injury complained of, and that he did not contribute thereto himself.

*Huber vs. Jackson & Sharp Co., 2 Hardesty, 97; Robinson vs. Simpson, 8 Houst., 398, 405; Kyne vs. W. & N. R. R. Co., 8 Houst., 186-7; Chielinsky vs. Hoopes & Townsend Co., 2 Hardesty, 25.*

2.   The burden of proof is on the plaintiff: the law does not presume negligence; it must be proved and the proof must correspond with the allegations in the narr.

*1 Greenleaf on Evidence, 51; 2 Addison, 1338; Williams vs. Walton & Whann Co., 9 Houst., 322; Quinn vs. Johnson Forge Co., 9 Houst., 338; Huber vs. Jackson & Sharp Co., 2 Hardesty, 97; Mills vs. W. C. R. Co., 2 Hardesty, 31.*

3.   If the plaintiff was properly warned and disregarded the same, or otherwise voluntarily put himself in a position of danger, whereby the injury occurred, he was guilty of contributory negligence, and cannot recover.

*Mills vs. W. C. R. Co., 2 Hardesty 31; Beach on Contr., Neg., 36, 37.*

4.   If the plaintiff, by the exercise of care or prudence, commensurate with the responsibility or risk of his position could have avoided the accident, he is guilty of contributory negligence and cannot recover.

*Bailey's Master and Servant, 113, 159, 164, 168; 4 Houst., 112; 5 Houst., 607; 2 Hardesty, 24; Wood's Master and Servant, 326; 8 Houst., 445.*

The doctrine of contributory negligence is well settled and clearly defined in the decisions of our own State.

*1 Houst., 469, 502; 3 Houst., 267, 271, 272; 4 Houston, 103, 111, 112, 583, 627, 645; 5 Houst., 599, 505, 607; 7 Houst., 570; 8 Houst., 185, 188, 457; 2 Hardesty, 34, 90, 104; Beach on Negligence, Secs. 299, 301.*

5. If the injury complained of resulted from the mutual negligence of both parties, the defendant cannot be held liable.

*4 Am. & Eng. Ency., 16; Maxwell's Admr. vs. W. C. R. Co., 1 Hardesty, 141.*

Mere accident shows no negligence, and therefore is not actionable.

*3 Houst., 267, 447; 8 Houst., 406; 4 Harr., 315.*

6. It is for the jury to say whether or not negligence existed at all, and if so, on whose part, and whether or not such negligence was the cause of the injury. The defendants can only be held liable for such negligence as constituted the proximate cause of the injury.

*Mills vs. W. C. R. Co., 2 Hardesty, 31; Doctrine of Proximate Cause; see Beach on Contr. Neg., 32.*

7. If some other cause than the defendants' negligence was responsible for the accident the defendants are not liable. The law looks only at the immediate cause.

*Chielinsky vs. Hoopes & Townsend, 2 Hardesty, 25; Mills vs. W. C. R. Co., 2 Hardesty, 34; Huber vs. Jackson & Sharp Co., 2 Hardesty, 106; Sherman & Redfield on Negligence, 25.*

8. The defendants are bound to use only reasonable and ordinary care under all circumstances. The employer or master is not an insurer of the safety of his employe, and reasonable care was an equal duty both to avoid and prevent accident.

*Bailey's M. & S., 3, 14, 24, 47, 51, 55, 60, 76; Patterson vs. P. W. & B. R. R. Company, 4 Houst., 112; Parvis vs. P. W. &*

*B. R. R. Co., 8 Houst., 436, 445, 446; Quinn vs. Johnson Forge Co., 9 Houst., 343.*

Nor is the master or employer bound to furnish the safest and best machinery and appliances, nor is he, in any sense, a guarantor of their safety or sufficiency.

*Beach on Contr. Neg., 351, 352; Wheatley vs. P. W. & B. R. R. Co., 2 Hardesty, 59, 60.*

9. Only actual damages can be recovered in case liability attaches to the defendants and the plaintiff can recover only for such damages as are proved.

*Cummins vs. Spruance, 4 Harr., 315; Ford vs. Charles Warner Company, 1 Hardesty, 82; Benson vs. Mayor and Council, 1 Hardesty, 67, 68-9.*

10. The verdict should be given according to the weight and preponderance of testimony in the case.

11. Rule for conflicting evidence:

*2 Hardesty, 26; 91; Stewart vs. P. W. & B. R. R. Co., 17 Atl. Rep., 630; Robinson vs. Simpson, 8 Houst., 407-8; Quinn vs. Johnson Forge Co., 9 Houst., 346; Williams vs. Walton & Whann Co., 9 Houst., 333.*

PENNEWILL, J., Charging the Jury :

Gentlemen of the Jury :—In this case the plaintiff, Nicholas Murphy, seeks to recover from Eugene Hughes, Charles Hughes and Anson Bangs, trading as Hughes Brothers & Bangs, the defendants, damages for personal injuries sustained by him in April, 1897, and which he alleges were caused by the negligence of the defendants. The plaintiff charges, among other things, that the defendants were negligent in the employment of an incompent servant as engineer, and that by reason of such incompetency he, the said plaintiff, who was at the time acting as an employe or servant of the defendant, was injured as alleged in his declaration.

The defendants contend that they were not guilty of any negligence; that they exercised all reasonable and proper care, and that the accident was caused by the contributory negligence of the plaintiff; thus denying all liability whatsoever for the injury to the plaintiff.

With the facts in the case, gentlemen, the Court have nothing to do, for of them you are the sole judges. The evidence is for your consideration and determination, after applying thereto the law as the Court shall declare it to you.

The principles of law applicable to this case have been so clearly settled by the courts of this State, that we do not see that it is at all necessary to look beyond the reported decisions of our own courts for the rules to guide us and you in the consideration and determination of the present action.

Negligence has been defined to be the want of ordinary care, that is, the want of such care as a reasonably prudent and careful man would exercise under the circumstances. What constitutes negligence is a question of law for the Court, but whether negligence in fact exists is a question of fact for your determination from the testimony in the case. It is for you to determine whether there was any negligence that caused the injury complained of, and if so, whether it was the negligence of the defendant or the plaintiff. And as was said by this Court in *Mills vs. the Wimington City Ry. Co., 2 Hardesty, 34,* " the defendant could only be held liable for such negligence as constituted the proximate cause of the injury. "

It is a rule of law that when a servant enters into the employ of another he assumes the risks ordinarily incident to the business, and is presumed to have contracted with reference to all the hazards and risks incident to the employment; that the employer is not bound to employ the latest or best machinery, but only to see that what he does employ is safe and suitable; and also that he is not the guarantor of their safety or sufficiency. Yet it is unquestionably the law, and fully recognized by the courts of this State, that it is the duty of the master to exercise due care and caution in selecting competent and trustworthy co-workers, as well as to furnish his servants with reason-

ably safe machinery and appliances with which to work; and it is such a duty that a master cannot delegate to an agent so as to escape responsibility for the negligent acts of such agent. Such a duty the master owes to his servant, and if the latter is injured because of the failure of the former to exercise such care the master would be liable. This Court has also held that it is the duty of the master to make and promulgate proper rules for the government of his servants and business whenever it is so large or complicated as to make his supervision impracticable. It is, however, always a question for the jury to determine whether such rules are sufficient for the purpose. One of the tests of such sufficiency is that they have been in force for a considerable length of time, and in such trial have accomplished the purpose sought. The presumption of law is in favor of their sufficiency on a question of negligence.

*Rex vs. Pullman Palace Car Co., 2 Marvel.*

What would be due care and caution on the part of the master in this regard would depend largely upon the nature of the employment for which the co-worker was selected, because the more dangerous and hazardous the employment the greater the care and caution required on the part of the master in the selection of the person to perform it. Ordinary care would mean that degree of diligence and precaution which the exigencies of the particular service reasonably require.

If you believe that Angelo Zanetti, who was employed by the defendants, was incompetent to properly fill the position for which he was employed, or to which he was assigned by them, and by reason of such incompetency the injury complained of happened, the plaintiff not being guilty of any contributory negligence, and you also believe that such incompetency was known to the defendants at the time of his employment, or became known to them before the injury to the plaintiff happened, or by the exercise of due care and caution it might have been known to them, the plaintiff would be entitled to recover. It is not necessary that the master should have actual knowledge of the incompetency of the co-worker he employs; it is sufficient if by the exercise of due care and caution he could have known

it. For it is the duty of the master, so far as he is able by the exercise of due diligence so to do, to employ competent servants. Knowledge of the person having charge of an incompetent servant, with power to discharge him, that such servant is incompetent, is in law the knowledge of the employer, because the person having such charge and power is the agent of the master, and such notice to him would be regarded as notice to his principal. It is of course the duty of the master to discharge an incompetent servant if he obtains knowledge of his incompetency, or by the exercise of due care and diligence he could have obtained such knowledge.

But on the other hand, "When the master uses due dilligence in the selection of capable and trustworthy servants, and furnishes them with suitable means to perform the service, he is not answerable to one of them for an injury received by him in consequence of the carelessness of another while both men are engaged in the same service." *McKinney on Fellow Servants, Sec. 9.* Even though you should believe, therefore, that the said Angelo Zanetti was incompetent to fill the position he was occupying at the time of the injury to the plaintiff, yet if you are not satisfied that the defendants were aware of his incompetency, or could have become aware of if by the exercise of due care and diligence, the plaintiff would not be entitled to recover.

While the master is bound, as we have already said, to exercise due care and diligence in behalf of his servant, including that of the selection and retention of proper and competent co-employes, and reasonably safe machinery and appliances, and while the servant is entitled to assume that the master has done his duty in this regard, and is not chargeable with notice of the incompetency of his fellow-servant until he has notice thereof by information or by circumstances reasonably sufficient to give it, yet, as was clearly laid down by the court in the case of *Parvis P., W. & B. Railroad Co., 8 Houst., 446,* " it is well settled as a principle of law that the plaintiff was also bound at the same time to use ordinary care, prudence and diligence to avoid the accident and injury. That is to say, he is bound to use such care, prudence and diligence as a reasonably prudent man, under the peculiar circumstances of the case would exercise to preserve

himself from being injured. '' This simply means, that if the plaintiff himself was guilty of contributory negligence, which contributory negligence had a causal connection between the defendants' negligence and the injury, he cannot recover. · Because the law does not permit any one to recover damages from another for an injury if his own negligence has contributed thereto or where by the exercise of reasonable care he could have avoided it. To quote again from the opinion of the Court in the case of *Mills vs. Wilmington City Railway Co.,* '' If, however, the plaintiff was properly warned and disregarded the same, or was in a place of safety and voluntarily put himself in a position of danger whereby the injury occurred, he was guilty of contributory negligene, and cannot recover. '' And, as was said to the jury in the case of *Huber vs. Jackson & Sharp Co., 2 Hardesty, 106,* '' If you believe from the evidence that the injury was caused in any degree by the negligence or careless conduct of the plaintiff, your verdict should be for the defendant, as the negligence, if any there was, whether of the plaintiff or defendant, or both, was operating simultaneously and at the instant of the accident. To entitle the plaintiff to recover, he must prove to your satisfaction by a preponderance or weight of the evidence that the negligence of the defendant was the cause of the injury. The law does not presume negligence; it must be proved. ''

In all cases where there is a conflict of testimony or disagreement between the witnesses produced by the respective parties in a suit, the jury should first endeavor to reconcile the testimony so that the whole may be harmonious. If this cannot be done, then it is the duty of the jury to estimate and weigh in their minds the value of the testimony on the respective sides, and give their verdict to that side where the testimony is of the greatest weight or preponderance and most worthy of credit. In estimating such weight the jury are to consider the character of the witnesses as known to them from the testimony, their means of knowledge of the facts about which they speak, their apparent fairness, and all other circumstances or facts with respect to such witnesses as show the reliability of their statements.

If your verdict should be for the plaintiff, it should be for such a sum as in your judgment from the testimony will reasonably compensate him for his injuries, including therein his loss of time and wages, for his pain and suffering in the past, and such as may come in the future, resulting from the accident, and may also recover for permanent injuries received, such sum as, from the evidence, you may believe will cover his pecuniary loss from his damaged ability to earn a living in the future.

If you should believe that it has not been shown by a preponderance of the testimony that the defendants were guilty of the negligence which caused the injury to the plaintiff, or that some other cause than the defendants' negligence was responsible for the injury to the plaintiff, or if you should believe that the negligence of the plaintiff himself contributed to the injury complained of, your verdict should be for the defendants.

The case, gentleman, is now with you, upon the evidence and the law, and we are satisfied that you will give it fair and careful consideration.

Verdict for defendants.